586 S.E.2d 135

**In the Matter of Mark Alexander PEARSON, Respondent.**

**No. 25705.**

Supreme Court of South Carolina.

Submitted Aug. 12, 2003.
Decided Aug. 25, 2003.

Henry B. Richardson, Jr., and Barbara M. Seymour, both of Columbia, for the Office of Disciplinary Counsel.

Mark Alexander Pearson, of Charlotte, Pro Se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule

413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a 146 day suspension from the practice of law. We accept the agreement and suspend respondent from the practice of law for 146 days. The facts, as set forth in the agreement, are as follows.

## *Facts*

On February 5, 2001, respondent was suspended from the practice of law for failing to comply with the Continuing Legal Education requirements set forth in Rule 408, SCACR. Respondent was notified of his suspension pursuant to Rule 419, SCACR. Respondent was not reinstated to the practice of law until June 1, 2001. However, respondent continued to practice law uninterrupted during the period of his suspension.

## *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 5.5(a) (a lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also acknowledges that his misconduct constitutes grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate or attempt to violate the Rules of Professional Conduct); Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute); and Rule 7(a)(7) (it shall be a ground for discipline for a lawyer to willfully violate a valid court order issued by a court of this state or of another jurisdiction).

## *Conclusion*

We hereby accept the Agreement for Discipline by Consent and suspend respondent from the practice of law in this state

for 146 days, representing the 116 days of respondent's original suspension plus 30 days. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.